Matthew R. Gunter, Esquire
CA Bar # 360561
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL  32806
Tel:  (407) 236-0946
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
Counsel for Plaintiff, Katelynn Rowe

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KATELYNN ROWE,<br><br>  Plaintiff,<br><br>  v.<br><br>ORGANICA MEDIA GROUP LLC d/b/a OMG VIP,<br><br>  Defendant. | CASE NO.<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff KATELYNN ROWE, hereby sues Defendant, ORGANICA MEDIA GROUP LLC d/b/a OMG VIP, (hereinafter "Defendant") and alleges:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1. Venue is proper in the Central District of California pursuant to 28

U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District. Plaintiff performed work for Defendant in this District, and the wage violations alleged herein arose from that work.

2. Defendant operates out of Beverly Hills, which is located in Los Angeles County, California, and conducts substantial business throughout the Central District of California. Accordingly, this Court also has personal jurisdiction over Defendant.

## PARTIES

5. At all times relevant to this action Plaintiff, KATELYNN ROWE (hereinafter "Plaintiff") is, and at all relevant times mentioned herein, is an individual who resides outside the state of California but performed the work at issue in this action while residing and working in California.

6. Defendant is a Georgia limited liability company that operates and conducts business in the State of California, including out of Beverly Hills in Los Angeles County.

7. This Court is the proper venue for this action because Defendant conducts business in Los Angelos County.

## FACTUAL ALLEGATIONS

8. Plaintiff worked as a VIP/Merchandise Manager for Defendant during its national tour operations from approximately June 2016 through October 2024.

9. Plaintiff was paid a flat rate of $300 per show, often working two

2

shows per day, with shifts typically exceeding 12 hours per day, five or more days per week.

10. Plaintiff regularly worked over 60-70 hours per week and was not paid any overtime compensation as required by federal and California law.

11. Although Defendant classified Plaintiff as an independent contractor throughout her tenure, Plaintiff was, in both form and function, an employee under the Fair Labor Standards Act, based on the economic realities of the relationship.

12. Plaintiff was fully integrated into Defendant's regular business operations, and her services—managing merchandise, executing VIP experiences, and supporting event logistics—were essential to Defendant's touring business model.

13. Defendant exercised significant control over the manner and means of Plaintiff's work. Plaintiff's schedule, duties, reporting requirements, travel, and day-to-day responsibilities were dictated entirely by Defendant. She was required to follow Defendant's established protocols, branding standards, and directives from tour managers and executives.

14. Plaintiff had no meaningful opportunity for profit or loss depending on her managerial skill. Her compensation was fixed per show, and she had no authority to negotiate her rate, offer discounts, or generate independent revenue.

15. Plaintiff made no capital investment in tools, equipment, or personnel. All materials and merchandise were provided by Defendant, and Plaintiff was not

expected or permitted to supply her own resources in executing her role.

16. The work performed by Plaintiff did not require any specialized skill or independent business judgment. Instead, Plaintiff was expected to carry out assigned tasks in accordance with Defendant's instructions and schedule.

17. Plaintiff's working relationship with Defendant lasted for more than eight years, during which she worked regularly and exclusively for Defendant.

18. At no time did Plaintiff operate an independent business, advertise services to the public, or perform similar services for other clients. Her entire livelihood was tied to her role with Defendant.

19. As such, Plaintiff was an employee—not an independent contractor.

20. Defendant's classification of Plaintiff as an independent contractor was erroneous and resulted in the denial of wages, overtime compensation, and legal protections to which she was entitled.

21. As part of her job duties, Plaintiff was regularly required to travel between tour locations on behalf of Defendant. This travel was not optional or incidental, but rather an integral and mandatory part of her employment responsibilities.

22. Plaintiff was frequently required to depart one city immediately after completing her work at a show and drive overnight to the next scheduled tour location. These overnight drives often lasted several hours and were necessary to ensure timely arrival for show setup, merchandise preparation, and other production

4

duties required by Defendant.

23. Defendant exercised control over the timing, destination, and route of these trips, and Plaintiff's movements were dictated entirely by the tour schedule established and enforced by Defendant. Plaintiff had no discretion to decline the travel or reschedule it.

24. Despite this, Defendant failed to compensate Plaintiff for this time spent driving between cities, even though such hours were mandated by Defendant, performed for the benefit of Defendant's business operations, and qualify as compensable work time under both the Fair Labor Standards Act and California wage and hour law.

25. As a result, Plaintiff routinely performed additional hours of compensable work, often through the night, without receiving any wages for her travel time. This practice further contributed to Defendant's systemic failure to compensate overtime wages.

26. Plaintiff was not paid on a salary basis and did not qualify for any recognized exemption under the FLSA.

27. Defendant failed to maintain accurate records of Plaintiff's hours worked in violation of 29 U.S.C. § 211(c) and Cal. Lab. Code § 226.

28. Defendant's failure to pay Plaintiff overtime was not the result of a good faith misunderstanding or clerical oversight. Rather, Defendant acted willfully and with reckless disregard for Plaintiff's rights under the Fair Labor Standards Act

and California labor laws.

29. Defendant had knowledge of its legal obligations to pay overtime, particularly given the length of Plaintiff's employment, the consistent number of hours worked, and the industry-wide recognition of wage and hour standards in the live entertainment and touring sector.

30. Defendant deliberately avoided keeping accurate records of Plaintiff's work hours and failed to implement any lawful timekeeping system, further indicating an intentional effort to evade legal responsibility.

31. Defendant misclassified Plaintiff as an independent contractor while simultaneously exercising near-complete control over her schedule, duties, travel, and compensation, suggesting a knowing misclassification designed to avoid overtime and tax obligations.

32. Because Defendant's violations were willful, Plaintiff is entitled to a three-year statute of limitations under 29 U.S.C. § 255(a) and corresponding liquidated damages under 29 U.S.C. § 216(b).

**COUNT I**
**Failure to Pay Overtime Wages – Fair Labor Standards Act (29 U.S.C. § 207)**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. During the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per workweek for Defendant.

35. Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) in a given workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

36. Defendant's failure to pay overtime compensation was willful, as defined by 29 U.S.C. § 255(a), and not based on good faith or reasonable grounds.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is entitled to recover unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Overtime Wages – California Labor Code §§ 510, 1194

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. During Plaintiff's employment in California, she regularly worked more than eight (8) hours in a day and/or forty (40) hours in a week.

40. Defendant failed to pay Plaintiff the statutorily required overtime premium for hours worked in excess of those thresholds, as required by California Labor Code § 510.

41. Defendant's failure to pay overtime was willful and in violation of California law.

42. As a direct result of Defendant's conduct, Plaintiff is entitled to recover

unpaid overtime wages, interest, costs, and attorneys' fees pursuant to California Labor Code § 1194.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Katelynn Rowe, respectfully requests that this Court enter judgment in her favor and against Defendant, Organica Media Group LLC d/b/a OMG VIP, as follows:

a. For all unpaid overtime wages due under the Fair Labor Standards Act (29 U.S.C. § 207) and California Labor Code §§ 510 and 1194;

b. For liquidated damages in an amount equal to the unpaid overtime wages pursuant to 29 U.S.C. § 216(b);

c. For interest on all unpaid wages at the legal rate, including both pre-judgment and post-judgment interest as permitted by law;

d. For reasonable attorneys' fees and costs incurred in this action, as provided under 29 U.S.C. § 216(b) and California Labor Code § 1194;

e. For injunctive relief, to the extent permitted by law, requiring Defendant to maintain accurate timekeeping records and comply with applicable overtime laws;

f. For such other and further legal and equitable relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated: June 24, 2025.

Respectfully submitted,

**/s/ Matthew R. Gunter**
Matthew R. Gunter, Esquire
CA Bar # 360561
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL  32806
Tel:  (407) 236-0946
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
Counsel for Plaintiff, Katelynn Rowe
